



1  Michael Millen
   Attorney at Law  (#151731)
2  119 Calle Marguerita Ste. 100
   Los Gatos, CA  95032
3  Telephone:  (408) 871-0777
   Fax:  (408) 516-9861
4  mikemillen@aol.com

5

6  Catherine Short, Esq.
   Life Legal Defense Foundation
7  PO Box 1313
   Ojai, CA 93024
8  (805) 640-1940

9  Attorneys for Plaintiff

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12  WALTER B. HOYE, II,                  NO.: C07 06411 CRB

13        Plaintiff,                     COMPLAINT FOR CIVIL RIGHTS
                                         VIOLATION AND INJUNCTIVE
14     v.                                AND DECLARATORY RELIEF;

15  CITY OF OAKLAND,                     DEMAND FOR JURY TRIAL

16        Defendant.                     1. 42 U.S.C. § 1983
                                         2. California Civil Code §52.1
17

18

19     Plaintiff alleges as follows:

20     1. Plaintiff Walter B. Hoye, II is a natural person. Motivated by his moral, religious, and political beliefs, plaintiff has regularly engaged in pro-life, anti-abortion speech activities within the City. These speech activities include hand-to-hand leafleting, education about abortion, and holding signs with a pro-life, anti-abortion message. All of these activities occur on public sidewalks or other public fora, where he can convey his message to the public.

21     2. Defendant CITY OF OAKLAND ("City") is a municipal corporation organized under the laws and Constitution of the State of California, and is a corporate entity capable of suing and being sued. Defendant City maintains and operates the City of Oakland Police Department which,

in the first instance, is responsible for the enforcement of the ordinance in question and the arrest of person alleged to have violated it.

3. **JURISDICTION:** This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Oakland.

4. **INTRADISTRICT ASSIGNMENT:** Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

5. On or about December 18, 2007, the City adopted Municipal Code Chapter 8.50, entitled "Access to Reproductive Health Care Facilities" (herein the "Ordinance").

Section 2(f) of the Ordinance defines the word "Counseling" as follows:

> e. "Counseling" means engaging in conversation with, displaying signs to, and/or distributing literature to individuals seeking access to, passage from, or services within the reproductive health care facility, in an effort to harass, intimidate, or persuade that individual not to access such reproductive health services.

Section 3(b) of the Ordinance states the following:

> b. Within 100 feet of the entrance of a reproductive health care facility, it shall be unlawful to willfully and knowingly approach within eight (8) feet of any person seeking to enter such a facility, or any occupied motor vehicle seeking entry, without the consent of such person or vehicle occupant, for the purpose of counseling, harassing, or interfering with such person or vehicle occupant in connection with seeking reproductive health services, or for the purpose of interfering with that person's or vehicle occupant's obtaining or providing reproductive health services.

6. Violation of the Ordinance is a criminal misdemeanor under §4(a).

7. Under the terms of the Ordinance as set forth in ¶5 above, a person may or may not be lawfully allowed to approach and persuade another individual seeking to enter a reproductive health

care facility depending upon the content and viewpoint of their speech. If the viewpoint of the persuasive message is that abortion is wrong and that the individual should not access the services of the clinic, then the speech is unlawful. If the viewpoint of the persuasive message is that abortion is *not* wrong and encourages the individual to access the services of the clinic, then the speech is lawful. The only distinction between the two messages is that one seeks to persuade an individual not to access a particular reproductive health service, namely abortion, while the other message seeks to persuade in the opposite fashion.

8. Because the City has criminalized persuasive speech based solely upon the point of view expressed by the speech, the Ordinance is a viewpoint-based ordinance.

9. The Ordinance, both as written and as enforced by defendant, abuses governmental power, denies free speech in a traditional public forum, does not further any important or substantial government interest, and imposes restrictions that are greater than necessary to further any government interest asserted.

10. Any interest advanced by defendant to support the Ordinance is related to the suppression of constitutional and statutory rights and is also minor compared to the infringement of rights worked by the Ordinance.

11. Unless and until defendants are restrained by order of this Court, defendants, acting through their officers, servants, agents and employees, will enforce the Ordinance.

12. Unless and until this Court declares the Ordinance unconstitutional, defendant, acting through its officers, servants, agents and employees, will enforce the Ordinance.

13. All of the acts of the defendant, its officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the City of Oakland and the State of California.

14. Plaintiff is suffering irreparable injury from the enforcement and threat of enforcement of the Ordinance, and will continue to suffer irreparable injury until the threat of enforcement is lifted.

## FIRST CAUSE OF ACTION

## (VIOLATION OF 42 U.S.C. § 1983)

15. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

16. The Ordinance is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the plaintiff's affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

17. The Ordinance, on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

18. The Ordinance, on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

19. The Ordinance, on its face and as applied or threatened to be applied, is a content-based and viewpoint-based restriction on speech.

20. The Ordinance, on its face and as applied or threatened to be applied, does not serve a significant governmental interest.

21. The Ordinance, on its face and as applied or threatened to be applied, does not leave open ample alternative channels of communication.

22. The Ordinance, on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

23. The Ordinance fails to adequately advise, notify, or inform persons threatened with possible prosecution for violation of their requirements. Therefore, the Ordinance is unconstitutionally vague, on its face and as applied or threatened to be applied, in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

24. The Ordinance is an irrational and unreasonable statute, imposing unjustifiable restrictions on the exercise of protected constitutional rights. Because the Ordinance is irrational and unreasonable, its application violates the due process guarantee of the Fourteenth Amendment to the Untied States Constitution

25. The Ordinance, on its face and as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and similar guarantees in the California State Constitution by denying plaintiff free speech rights allowed to others in similar situations and other protections of state and federal law

## SECOND CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA CIVIL CODE §52.1)

26. Plaintiff incorporates paragraphs 1-25 as if fully set forth herein.

27. The Ordinance, on its face and as applied or threatened to be applied, interferes with plaintiff's exercise of the right to free speech and to assembly guaranteed by the First Amendment of the United States Constitution and Article I, §2 of the California Constitution, his right to be free from unlawful search and seizure guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §13 of the California Constitution, his rights under California's Unruh Act to be free from unlawful discrimination, and his equal protection rights under the 14th Amendment to the United States Constitution. This was and is a violation of California Civil Code §52.1.

28. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, plaintiff prays that this Court:

(a) Enter judgment against the defendant;

(b) Enter a declaratory judgment declaring the acts of the defendant to be a violation of plaintiff's constitutional rights to freedom of speech and due process;

(c) Issue a declaratory judgment declaring that Oakland Municipal Code Chapter 8.50 is unconstitutional on its face;

(d) Issue a declaratory judgment declaring that Oakland Municipal Code Chapter 8.50 is unconstitutional as enforced and as applied;

(e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendants, their agents, servants, employees, officers and the City of Oakland Police Department from enforcing Oakland Municipal Code Chapter 8.50;

(f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988; and,

(g) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 19, 2007

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby requests a jury trial in this matter.

Dated: December 19, 2007

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF