COPY

Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-0777
Fax: (408) 516-9861
mikemillen@aol.com

Catherine Short, Esq.
Life Legal Defense Foundation
PO Box 1313
Ojai, CA 93024
(805) 640-1940

Attorneys for Plaintiff

E-FILING

ADR

ORIGINAL FILED

DEC 1 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER B. HOYE, II,

    Plaintiff,

v.

CITY OF OAKLAND,

    Defendant.

No. C07 06411 CRB

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, plaintiff WALTER B. HOYE, II hereby request that the court take Judicial Notice of the following adjudicative facts:

1. That the City of Oakland has as an official Ordinance Chapter 8.50 of its Municipal Code, and that said Chapter is attached as Exhibit A hereto.

Dated: December 19, 2007

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFFS

---

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLICATION FOR TRO AND PRELIM. INJUNCTION

Page 1

# DECLARATION

I, Michael Millen, hereby declare:

1. I am a licensed attorney and represent plaintiffs in this action.

2. The Ordinance in question in this lawsuit is attached here to as Exhibit A  I printed out Exhibit A by going to the official home page of the City of Oakland on the world wide web at >http://www.oaklandnet.com/<  and printing out the Ordinance, as Amended, which is found at >http://clerkwebsvr1.oaklandnet.com/attachments/17877.pdf<.

3. At the December 18, 2007, Oakland City Council meeting, the City Council approved the final passage of Exhibit A.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: December 19, 2007

MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFFS

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA  95032
(408) 871-0777

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLICATION FOR TRO AND PRELIM. INJUNCTION**

Page 2

Approved as to Form and Legality

_____
City Attorney

FILED
OFFICE OF THE CITY CLERK
OAKLAND

07 NOV 29 PM 2:49

**AMENDED**
# OAKLAND CITY COUNCIL

Ordinance No. _____ C.M.S.

Introduced by Councilmembers Nancy J. Nadel, Jane Brunner, and Jean Quan

---

## AN ORDINANCE AMENDING TITLE 8 OF THE CITY OF OAKLAND MUNICIPAL CODE BY ADDING A NEW CHAPTER, 8.50, ENTITLED "ACCESS TO REPRODUCTIVE HEALTH CARE FACILITIES," AND NEW SECTIONS 8.50.010 THROUGH _____, TO PROTECT ACCESS TO REPRODUCTIVE HEALTH CARE FACILITIES AND CREATING A PRIVATE RIGHT OF ACTION FOR VIOLATIONS OF THIS CHAPTER

**WHEREAS,** safe and unimpeded access to reproductive health care services is critically and uniquely important to the public health, safety, and welfare so that persons desiring or needing access to such services should not be intimidated, hampered, impeded, harassed, or restrained from obtaining those services; and

**WHEREAS,** persons attempting to access reproductive health care facilities to obtain reproductive health care services have been subject to harassing or intimidating activity from extremely close proximity, tending to hamper or impede their access to those facilities and services; and

**WHEREAS,** such activity in close proximity subverts the right to privacy of those seeking reproductive health care services, a right that is protected by the United States Constitution and the Freedom of Access to Clinic Entrances Act, U.S.C.S. Section 248, and is explicitly guaranteed in California's Constitution, Article I, Section 1, including the right to seek and obtain all health care services permitted under the laws of this State; and

**WHEREAS,** such activity interferes with a person's right to seek reproductive health care ~~treatment~~ <u>services</u> and counseling which such persons are entitled to seek and obtain; and

**WHEREAS,** offices and facilities that have patient stays of shorter duration may be more vulnerable to such subversion of rights on account of the layout and design of their facilities and parking areas as well as their staff deployment; and

## Exhibit A

**WHEREAS**, the facilities with the fewest resources for providing adequate security and safety to individuals seeking access to reproductive health services are those not affiliated with hospitals; and

**WHEREAS**, the adverse physiological and emotional effects created by such harassing or intimidating activities may pose health risks, interfere with medical treatment, diagnosis or recovery, or cause persons to delay or forego medical treatment; and

**WHEREAS**, this Ordinance does not preclude all protesting, picketing, demonstrating, leafleting, or educational activities near a facility providing reproductive health care services, and in particular, is not intended to preclude any lawful picketing, leafleting, and/or free speech, but is a necessary content-neutral time, place, and manner restriction intended to reconcile and protect the rights of persons rendering or seeking reproductive health care with the First Amendment rights of demonstrators; and

**WHEREAS**, existing federal and state laws do not adequately protect the rights of those seeking or providing reproductive health care services; now, therefore

**THE COUNCIL OF THE CITY OF OAKLAND DOES ORDAIN AS FOLLOWS:**

Chapter 8.50 is added to the Oakland Municipal Code to read as follows:

- Sec    Title and Purpose
- Sec    Definitions
- Sec    Prohibited Harassment of Individuals Seeking Access to Health Care Facilities
- Sec    Enforcement
- Sec    Accommodation of Competing Rights
- Sec    Severability

**Section 1. Title and Purpose.** This chapter shall be known as the "access to reproductive health care facilities ordinance." The City Council finds that every person in the City of Oakland has a basic and fundamental right to privacy protected by the United States Constitution and explicitly guaranteed in California's Constitution, Article 1, Section 1, including the right to seek and obtain all health care services, permitted under the laws of this State. Central to this right is the need to secure access to all reproductive health care services. Access to these services is a matter of critical importance not only to the individual, but also to the health and welfare of all residents of the City of Oakland and the region. Intentional efforts to harass an individual or prevent that individual from exercising his or her right to seek and obtain reproductive health care services are therefore contrary to the interests of the people of Oakland.

This Ordinance is not intended to create any limited, designated, or general public fora. Rather it is intended to protect those who seek access to constitutionally protected reproductive health services care from conduct which violates their rights.

### Section 2. Definitions.

a.  "Reproductive health services" refers to all medical, surgical, counseling, referral, and informational services related to the human reproductive system, including services during pregnancy or the termination of a pregnancy, whether such services are provided in a clinic, physician's office, or other facility other than a licensed hospital, <u>but not if provided at a clinic or other facility owned and/or operated by a licensed hospital</u>.

b.  "Reproductive health care facility" refers to a facility licensed pursuant to Chapter 1 (commencing with Section 1200) of Division 2 of the Health and Safety code or any other facility that provides <u>primarily</u> reproductive health services that is not licensed as a hospital, <u>and is not owned, and/or operated by a licensed hospital</u>.

c.  <u>"Primarily" means 51% or more of the services provided.</u>

d.  "Harassing" means the non-consensual and knowing approach within eight feet of another person or occupied motor vehicle for the purpose of passing a leaflet or handbill, to display a sign to, or engage in oral protest, education, or counseling with such other person in a public way or on a sidewalk area within 100 feet of the entrance of a reproductive health care facility.

e.  "Interfering" means to restrict a person's freedom of movement or access to or egress from a <u>reproductive heath care</u> facility ~~providing reproductive health services~~.

f.  "Counseling" means engaging in conversation with, displaying signs to, and/or distributing literature to individuals seeking access to, passage from, or services within the reproductive health care facility, in an effort to harass, intimidate, or persuade that individual not to access such reproductive health services.

g.  "Eight feet" shall be measured from any extension of the body of the individual seeking access to, passage from, or services within the reproductive health care facility, and/or the exterior of any occupied motor vehicle, to any extension of the body of, or any sign or object held by another person.

h.  "Providing reproductive health services" shall include doctors, nurses, any employee of a reproductive health care facility and volunteers who, with the consent of the reproductive health care facility, assist in conducting patients of such facility safely into the facility.

- 3 -

**Section 3.  Prohibited Harassment of Individuals Seeking Access to Health Care Facilities.**

a.  It shall be unlawful to use force, threat of force, or physical obstruction to intentionally injure, harass, intimidate, or interfere with or attempt to injure, harass, intimidate, or interfere with any person because that person will be, is, or has been, providing or obtaining reproductive health services.

b.  Within 100 feet of the entrance of a reproductive health care facility, it shall be unlawful to willfully and knowingly approach within eight (8) feet of any person seeking to enter such a facility, or any occupied motor vehicle seeking entry, without the consent of such person or vehicle occupant, for the purpose of counseling, harassing, or interfering with such person or vehicle occupant in connection with seeking reproductive health services, or for the purpose of interfering with that person's or vehicle occupant's obtaining or providing reproductive health services.

c.  Within 100 feet of the entrance of a reproductive health care facility, it shall be unlawful to willfully and knowingly approach within eight (8) feet of any person seeking to enter such a facility, or any occupied motor vehicle seeking entry, for the purpose of injuring or intimidating such person or vehicle occupant in connection with seeking reproductive health services.

**Section 4. Enforcement.**

a.  Any person who shall be convicted of a violation of subsection 3 above shall be deemed guilty of a misdemeanor and shall be punishable by imprisonment in the County jail for not more than one year, or by a fine not to exceed two thousand dollars ($2,000), or by both such fine and imprisonment.

b.  Civil Remedies:

   i.  Any person providing, seeking to provide, or seeking reproductive health services who is aggrieved by conduct prohibited by this ordinance may commence a civil action in the Courts of the State of California.

   ii. In any action commenced under subparagraph a. of this subsection, the court may award appropriate relief, including temporary, preliminary, or permanent injunctive relief and compensatory and exemplary damages and reasonable fees for attorneys and expert witnesses. With respect to damages, at any time before final judgment, plaintiff may elect to recover, in lieu of compensatory damages, an award of statutory damages in the amount of $5,000 per violation.

**Section 5. Accommodation of Competing Rights.** In adopting this legislation, the Oakland City Council recognizes both the fundamental constitutional right to assemble peacefully and to demonstrate on matters of public concern, as well as the right to seek and obtain health care. This legislation promotes the full exercise of these rights and strikes an appropriate accommodation between them.

Nothing in this Ordinance shall be construed to prohibit any expressive conduct (including peaceful picketing or other peaceful demonstration) protected from legal prohibition by the First Amendment to the United States Constitution, the California Constitution or any federal or California statute. ~~This ordinance does not prohibit conduct by a party to a labor dispute in furtherance of labor or management objectives in that dispute.~~

**Section 6. Severability.** If any part, provision, or clause of this Ordinance or the application thereof to any person or circumstance, is held to be invalid by a court of competent jurisdiction, all other provisions and clauses hereof, including the application of such provisions and clauses to other persons or circumstances, shall not be affected thereby and shall continue in full force and effect. To this end, the provisions of this Chapter are severable.

IN COUNCIL, OAKLAND, CALIFORNIA, _____

**PASSED BY THE FOLLOWING VOTE:**

AYES –   BROOKS, BRUNNER, CHANG, KERNIGHAN, NADEL, QUAN, REID, and PRESIDENT DE LA FUENTE

NOES –

ABSENT –

ABSTENTION –

ATTEST:_____
LaTonda Simmons
City Clerk and Clerk of the Council
of the City of Oakland, California