JOHN A. RUSSO, City Attorney, SBN 129729
VICKI A. LADEN, Supervising City Attorney, SBN 130147
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:    (510) 238-4941
Facsimile:    (510) 238-6500
Email: vladen@oaklandcityattorney.org
X03107:451349

Angela L. Padilla, Attorney at Law, SBN 154863
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:    (415) 773-5805
Facsimile:    (415) 773-5759
Email: apadilla@orrick.com

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WALTER B. HOYE, II, | Case No. C 07-06411 (CRB) |
|---|---|
| Plaintiff, | **DECLARATION OF VICKI LADEN IN OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

I, Vicki Laden, declare:

1. I am a licensed attorney and Supervising City Attorney in the City Attorney's Office in Oakland, California.

2. On December 18, 2007, the Oakland City Council passed Ordinance No. 81022, "Access to Reproductive Health Care Facilities," a "Bubble Ordinance" that protects patients seeking reproductive health services and reproductive health clinic personnel from harassment, intimidation, or interference with their ability to enter and exit reproductive health care facilities.

3. On December 19, 2007, Plaintiff filed a Complaint alleging that the City's Ordinance was facially unconstitutional. Following a telephone conference with the Court, the City agreed to amend the Ordinance to obviate Plaintiff's concerns. In a January 16, 2008, letter to the court that followed review of the proposed amended ordinance, a true and correct copy of which is attached as Exhibit 1, plaintiff conceded that should Council pass the proposed amended ordinance, his Complaint "should be deemed moot" and any challenge to the amended ordinance would "necessitate an amended complaint."

4. On January 16, 2008, after the City agreed to pay plaintiff's attorneys' fees, plaintiff acknowledged in an e-mail, "it's looking like we can wrap this up rather quickly." Mr. Millen's January 16, 2008, e-mail is attached as Exhibit 2.

5. In a January 29, 2008, e-mail Mr. Millen wrote: "Regardless of what the City does [re passage of the revised ordinance] my sense is that the plan we have discussed (letter to the judge re: mootness, dismissal by judge due to mootness, and payment of the fees previously mentioned) is still on track for the original challenge." Mr. Millen's January 29, 2008, e-mail is attached as Exhibit 3. In a February 7, 2008 letter, attached as Exhibit 4, Mr. Millen stated that he would be filing an amended complaint within the next 30 days rather than dismissing his suit. No such amended complaint was filed. Plaintiff's complaint is moot.

6. On February 5, 2008, the City passed the amended ordinance (Ordinance No. 12860). In an agreement fully executed by plaintiff and his attorneys on March 17, 2008, attached as Exhibit 5, plaintiff agreed to accept $5,000 as full payment for attorneys' fees through February 5, 2008. The City paid plaintiff's attorneys $5,000.

7. On May 6, 2008, Supervising Deputy City Attorney Vicki Laden spoke with plaintiff's counsel regarding the Joint Status Conference Statement that was due at the end of that week. Plaintiff's counsel indicated that he intended to file an amended complaint and a motion for preliminary injunction in the near future. Plaintiff's counsel asked that the City stipulate to continue the Case Management Conference to allow time for him to do so. The City agreed to give

1 | Plaintiff thirty (30) days to file his amended complaint. The Court continued the Initial Case
2 | Management Conference to August 22, 2008.
3 |     8.    On May 22, 2008, Plaintiff filed the instant Application for Temporary Restraining
4 | Order and Order to Show Cause Re: Preliminary Injunction. Plaintiff never amended his original
5 | Complaint.
6 |     I declare under penalty of perjury under the laws of the United States of America that the
7 | foregoing is true and correct.
8 |     Executed this 29th day of May, 2008, at Oakland, California

_____
VICKI LADEN

DECLARATION OF VICKI LADEN IN     -3-     C 07-06411 CRB
OPPOSITION TO APPLICATION FOR
TEMPORARY RESTRAINING