1  ANGELA L. PADILLA (CA STATE BAR NO. 154863)
   SARAH C. MARRIOTT (CA STATE BAR NO. 241301)
2  ERIN H. REDING (CA STATE BAR NO. 252691)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  405 Howard Street
   San Francisco, CA 94105
4  Telephone:    415-773-5700
   Facsimile:    415-773-5759
5
6  JOHN A. RUSSO(CA STATE BAR NO. 129729)
   VICKI LADEN (CA STATE BAR NO. 130147)
7  CITY OF OAKLAND
8  1 Frank Ogawa Plaza, 6th Floor
   Oakland, CA 94612
9  Telephone:    510-238-4941
   Facsimile:    510-238-6500
10
11 Attorneys for Defendant
   CITY OF OAKLAND
12
13                    UNITED STATES DISTRICT COURT
14                  NORTHERN DISTRICT OF CALIFORNIA
15
16 WALTER B. HOYE, II,                    CASE NO.  C07-06411 CRB

17              Plaintiff,                **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT OF**
18      v.                                **DEFENDANT'S MOTION TO**
                                          **DISMISS PLAINTIFF'S COMPLAINT**
19 CITY OF OAKLAND                        **FOR CIVIL RIGHTS VIOLATION**

20              Defendant.                Date:  July 11, 2008
21                                        Time:  10:00 am
                                          Judge: Hon. Charles Breyer
22                                        Courtroom:  8, 19th floor
23
24
25
26
27
28

## I.  **INTRODUCTION**

Plaintiff Walter Hoye ("Plaintiff") seeks relief on the basis of a constitutional infirmity in the Oakland Municipal Code Chapter 8.50 (the "Ordinance") that, as he admits, no longer exists.  Nor can he overcome this deficiency by asserting an as-applied challenge.  It is clear from the facts in the record that plaintiff's arrest complied with the Ordinance and that his First Amendment rights were not violated.  Plaintiff's complaint should therefore be dismissed in its entirety.

## II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 18, 2007, the Oakland City Council passed Ordinance No. 81022, "Access to Reproductive Health Care Facilities," a "Bubble Ordinance" that protects patients seeking reproductive health services and reproductive health clinic personnel from harassment, intimidation, or interference with their ability to access reproductive health care facilities. Docket No. 31, Laden Decl., ¶ 2.

On December 19, 2007, plaintiff filed a complaint alleging that the Ordinance was unconstitutional on its face and as applied. *Id.*, ¶ 3.  After a telephone conference with the Court, the City agreed to amend the Ordinance to obviate plaintiff's concerns. *Id.*  On January 16, 2008, plaintiff conceded in a letter to the Court that should the Oakland City Council pass the proposed amended ordinance, his complaint "should be deemed moot" and any challenge to the amended ordinance would "necessitate an amended complaint." *Id.*, Ex. 1.  Plaintiff also acknowledged in an e-mail to the Oakland City Attorney's office that "it's looking like we can wrap this up rather quickly." *Id.*, Ex. 2.

In a later e-mail to the Oakland City Attorney's office, plaintiff's counsel wrote: "Regardless of what the City does [re passage of the revised ordinance] my sense is that the plan we have discussed (letter to the judge re:  mootness, dismissal by judge due to mootness, and payment of the fees previously mentioned) is still on track for the original challenge." *Id.*, Ex. 3. In a February 7, 2008, letter, plaintiff's counsel stated that he would be filing an amended complaint within the next 30 days rather than dismissing his suit. *Id.*, Ex. 4.  No such amended complaint was filed. *Id.*, ¶ 5.

1            On February 5, 2008, the City passed the amended ordinance (Ordinance No.

2    12860). *Id.*, ¶ 6. In an agreement fully executed by plaintiff and his attorneys on March 17,

3    2008, plaintiff agreed to accept $5,000 as full payment for attorneys' fees through February 5,

4    2008. *Id.*, Ex. 5. The City paid plaintiff's attorneys $5,000. *Id.*, ¶ 6.

5            On May 6, 2008, Supervising Deputy City Attorney Vicki Laden spoke with

6    plaintiff's counsel regarding the Joint Status Conference Statement that was due at the end of

7    that week. *Id.*, ¶ 7. Plaintiff's counsel indicated that he intended to file an amended complaint

8    and a motion for preliminary injunction in the near future. *Id.* Plaintiff's counsel asked that the

9    City stipulate to continue the Case Management Conference and allow him time to file. *Id.* The

10   City agreed to give plaintiff thirty days to file his amended complaint. *Id.* The Court continued

11   the Initial Case Management Conference to August 22, 2008. *Id.*

12           On May 22, 2008, plaintiff filed an Application for Temporary Restraining Order

13   and Order to Show Cause Re Preliminary Injunction but did not amend his original complaint.

14   *Id.*, ¶ 8. On May 30, 2008, the Court denied plaintiff's application.

15   **III.   LEGAL STANDARD**

16           A Rule 12(b)(6) dismissal is proper where there is <u>either</u> a "lack of a cognizable

17   legal theory" <u>or</u> "the absence of sufficient facts alleged under a cognizable legal theory."

18   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

19   *Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1994). To survive dismissal under Rule 12(b)(6), a

20   complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atlantic*

21   *Corp. v. Twombly* -- U.S. --, 127 S.Ct. 1995, 1974 (2007). Plaintiff's complaint should be

22   dismissed in its entirety because the record contains no facts sufficient to state a claim upon

23   which relief can be granted.

24   **IV.   PLAINTIFF'S CLAIMS WERE MOOTED BY THE CITY'S AMENDMENT OF**
25        **THE ORDINANCE**

26           The main thrust of plaintiff's complaint is a facial challenge to the Ordinance. He

27   alleges that the Ordinance's prohibition on "counseling . . . in an effort to . . . persuade that

28   individual not to access such reproductive health services" is an unconstitutional viewpoint-

based restriction on speech. Compl. ¶¶ 5, 7-8. This claim was mooted, however, by the City's amendment of the Ordinance in response to plaintiff's concerns. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900-02 (9th Cir. 2007) (no case or controversy that can support relief exists after a statutory change).

Plaintiff has conceded that his facial challenge is moot. *See* Docket No. 31, Laden Decl. ¶¶ 3-5 and Ex. 1 (conceding that the complaint "should be deemed moot."). This Court has also recognized the problem: ". . .in other words, you are not saying the Oakland ordinance is unconstitutional. I mean, we have had that discussion . . . so it's constitutional." Docket No. 34, *Transcript of Proceedings*, p. 11: 5-12. As stated in *Outdoor Media Group*, the amended ordinance "cures the constitutional deficiencies that [plaintiff] alleged in connection with the original...ordinance." This Court should therefore dismiss plaintiff's facial challenge to the Ordinance.

## V.    THE CURRENT RECORD CONTAINS NO FACTS TO SUPPORT PLAINTIFF'S AS-APPLIED CHALLENGE

Plaintiff also asserts an as-applied challenge based on his arrest for violation of the statute on April 29, 2008. The as-applied challenge requires the court to "consider facts of the individual case" and to determine whether a justification exists for the application of the ordinance as applied to the plaintiff, not whether there is "some hypothetical, post hoc rationalization in general." *Witt v. Dep't of the Air Force*, 2008 U.S. App. LEXIS 10794, at *31. For an as-applied claim to be successful, the record must contain facts that support the challenge. "An as-applied challenge contends that [a] law is unconstitutional as applied to [a] litigant's *particular* speech activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998)(emphasis added). The current record contains no such facts.

Plaintiff's arrest was not an improper application of the statute. He was arrested for approaching within eight feet of people attempting to enter the facility. Docket No. 32, Supp. Laden Decl., Ex. A. Five separate witnesses attested under oath to the fact that the plaintiff approached within eight feet of at least eight different patients and their families or significant

DEFENDANT'S MEMO OF P&A ISO MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1   others, to hand out fliers and "harass" them. *Id.* at Exs. C-G.  In addition, plaintiff does not

2   dispute that he "approached" women entering the clinic; that he came within eight feet of them in

3   order to convey his message; and that he approached the clinic director.  Docket No. 21, Hoye

4   Decl. ¶¶ 3,6-8.  The Ordinance clearly prohibits this behavior by making it unlawful to willfully

5   and knowingly approach within eight feet of any person seeking to enter a reproductive health

6   care facility, without the consent of such person, for the purposes of counseling, harassing or

7   interfering with such person.  Docket No. 22, Millen Decl., Ex. A., at 3-4.

8          As this Court has noted: "I need a fact-specific case.  As you state to me, the case

9   in front of me isn't that case.  And you want me to issue some injunction talking about,

10  theoretically, where people are going to be, and so forth, and I'm not going to do that."  Docket

11  No. 34, *Transcript of Proceedings*, p. 10: 17-21 (emphasis added).  The allegations and facts as

12  they currently stand simply cannot support plaintiff's constitutional challenge.[1]

13  **VI.    CONCLUSION**

14         As plaintiff has admitted, his facial challenge to the Ordinance is moot.  And

15  plaintiff cannot make out a valid as-applied constitutional claim – his arrest was constitutional

16  and proper under the terms of the Ordinance.  For these reasons, this Court should grant the City

17  of Oakland's motion to dismiss.

18

19  Dated: June 5, 2008                    ANGELA L. PADILLA
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
20

21

22                                         /s/ Angela L. Padilla
                                           Angela L. Padilla
23                                         Attorneys for Defendant
                                           City of Oakland
24

25

26  [1] It is possible that plaintiff could have a renewed as-applied challenge if, for example, the police
27  arrested him for violating the Ordinance a second time.  Such new facts, however, would
    necessitate the filing of an amended complaint.
28