Michael Millen
Attorney at Law  (#151731)
119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-0777
Fax:  (408) 516-9861
mikemillen@aol.com

Catherine Short, Esq.
Life Legal Defense Foundation
P.O. Box 1313
Ojai, CA 93024-1313
(805) 640-1940

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER B. HOYE, II,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF OAKLAND,<br><br>　　　Defendant. | NO.:  C07-06411 CRB<br><br>**FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATION AND INJUNCTIVE AND DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>1.  **42 U.S.C. § 1983 [Free Speech]**<br>2.  **42 U.S.C. §1983 [Equal Protection]**<br>3.  **California Constitution, Art. I, §2**<br>4.  **California Constitution, Art. I, §7**<br>5.  **California Civil Code §52.1** |

Plaintiff alleges as follows:

1.  Plaintiff Walter B. Hoye, II, is a natural person.  Motivated by his moral, religious, and political beliefs, plaintiff has regularly engaged in pro-life, anti-abortion speech activities within the City.  These speech activities include hand-to-hand leafleting, education about abortion, and holding signs which say things like "God loves you & your baby / Let us help you".   All of these

1. activities occur on public sidewalks or other public fora, where he can convey his message to the public.

2. Defendant CITY OF OAKLAND ("City") is a municipal corporation organized under the laws and Constitution of the State of California, and is a corporate entity capable of suing and being sued. Defendant City maintains and operates the City of Oakland Police Department which, in the first instance, is responsible for the enforcement of the ordinance in question and the arrest of person alleged to have violated it.

3. **JURISDICTION:** This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Berkeley.

4. **INTRADISTRICT ASSIGNMENT:** Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

5. On or about December 18, 2007, the City adopted Municipal Code Chapter 8.50, entitled "Access to Reproductive Health Care Facilities" (herein the " original ordinance"). On December 18, 2007, Plaintiff filed this action challenging the constitutionality of the original ordinance. Following a hearing on Plaintiff's Application for Temporary Restraining Order, the City, through its attorneys, agreed not to enforce the original ordinance and to amend that ordinance. On February 5, 2008, the City amended Chapter 8.50. A copy of the amended ordinance (hereinafter the "Ordinance") is attached to this Amended Complaint as Exhibit A.

6. Violation of the Ordinance is a criminal misdemeanor under §4(a).

7. The law enforcement arm of the City is the Oakland Police Department ("OPD"). It is the OPD which actually interprets, enforces, and arrests persons who have allegedly violated the Ordinance.

8. The OPD has a set of regulations which supposedly govern its enforcement of the Ordinance. The regulations are contained in a "Training Bulletin", the current version of which is dated May 1, 2008, and attached hereto as Exhibit B.

9. In practice, OPD enforces and interprets the Ordinance in various and conflicting ways, with the effect a person can never be particularly sure whether their conduct will or will not be charged as a violation of the Ordinance. Some of the interpretations violate the constitutional norms set forth in *Hill v. Colorado*, 530 U.S. 703 (2000), for example:

A. On March 25, 2008, at approximately 8:30 a.m. in front of an abortion clinic, an OPD officer explained to plaintiff and others present that the Ordinance created a "moving bubble zone" so that any time plaintiff was standing within 100 feet of the clinic, he had to move more than 8 feet away from any person who approached him or was going into the clinic. The police were clear that failure to abide by this interpretation would make plaintiff subject to arrest for violation of the ordinance. Plaintiff's counsel communicated to the City attorney this interpretation, and the City attorney has never communicated back to plaintiff's counsel that such is not the official policy of the OPD. While on May 29, 2008, an attorney for the City stated in a legal brief that "[t]he Ordinance expressly applies only when speakers . . . approach individuals near the clinic – not when they merely remain stationary", the City has offered no assurance that the OPD has changed its policy to conform to the City's legal briefing.

B. On May 13, 2008, shortly after 10:00 a.m. in front of an abortion clinic, an OPD officer told plaintiff that he was not allowed to approach *or be within* 8 feet of escorts, clinic personnel, or clients. The officer intended for plaintiff to understand that merely being within 8 feet of escorts, clinic personnel, or clients within the 100' zone would result in his arrest. Plaintiff's counsel has informed the City attorney of this OPD interpretation, and the City attorney has never denied that such is the official policy of the OPD. While on May 29, 2008, an attorney for the City stated in a

legal brief that "[t]he Ordinance expressly applies only when speakers . . . approach individuals near the clinic – not when they merely remain stationary", the City has offered no assurance that the OPD has changed its policy to conform to the City's legal briefing.

C. On June 3, 2008, between 9:10 a.m. and 9:31 a.m. in front of an abortion clinic, a witness observed two different clinic escorts, whom plaintiff alleges on information and belief are volunteers, approaching within 8 feet of persons entering the clinic and speaking to them without obtaining their consent. The witness called OPD at 9:34 a.m. to report this apparent violation of the Ordinance. The dispatching officer asked for descriptions of the alleged offenders and also asked if one was a certain male "because if he is there, there is an ordinance against him and he should not be there." At around 10:05 a.m. Officer V. Johnson responded. After learning of the situation, the Officer responded that the escorts were "professional people" so it was permissible for them to approach patients. The next day the witness again spoke with Officer Johnson who said he was not filing an official report about the incident. Officer Johnson stated that his supervisor, who is Sergeant David Elzey, explained that volunteer clinic escorts were "protected individuals" who could not be charged with violating the Ordinance by approaching clients to converse. On June 5, 2008, plaintiff's counsel communicated Sgt. Elzey's interpretation to the City attorney via email. The City attorney responded back to the email but did not in any way deny or discount the policy set forth by Sgt. Elzey.

10. Plaintiff has already been arrested once for allegedly violating the Ordinance and is at risk to be arrested again. Plaintiff contends that he is the individual whom the OPD dispatcher specifically noted as to whom the ordinance was against, and that the police will arrest him according to the interpretations they have given as set forth above. The OPD itself, has never disavowed any of the three interpretations mentioned in the preceding paragraph, and the City attorney has not disavowed the last interpretation. Plaintiff reasonably fears that he will be arrested by OPD for conduct which is not prohibited by the Ordinance and/or otherwise protected by the U.S. Constitution.

11. The OPD has an unwritten policy exempting from the reach of the Ordinance any person who approaches and speaks to clients for the purposes of encouraging them to use clinic services. That same unwritten policy holds that plaintiff is to be arrested if he approaches and speaks to clients for the purposes of encouraging them to choose options other than utilizing clinic services. This is a form of content and viewpoint discrimination.

12. The Ordinance, both as written and as enforced by defendant, is content- and viewpoint-based, abuses governmental power, denies free speech in a traditional public forum, does not further any important or substantial government interest, and imposes restrictions that are greater than necessary to further any government interest asserted.

13. Specifically but not exclusively, the ordinance is content-based because the main purpose in enacting it was to suppress speech of a certain content and because it differentiates speech based on the content of the speech. This includes, without limitation, the fact that the ordinance elevates commercial speech over non-commercial speech by restricting "protest, education, and counseling" but not other forms of speech such as panhandling and vending.

14. Specifically but not exclusively, the Ordinance is not narrowly tailored to serve any significant governmental interest and imposes restrictions that are greater than necessary to further such interests because, on its face and as applied, it restricts uninvited approaches as well as unwanted and unwelcome approaches.

15. Any interest advanced by defendant to support the Ordinance is related to the suppression of constitutional and statutory rights and is also minor compared to the infringement of rights worked by the Ordinance.

16. Unless and until defendants are restrained by order of this Court, defendants, acting through their officers, servants, agents and employees, will enforce the Ordinance.

17. Unless and until this Court declares the Ordinance unconstitutional, defendant, acting through its officers, servants, agents and employees, will enforce the Ordinance.

18. All of the acts of the defendant, its officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances,

1  regulations, customs, official policies, official procedures, and usages of the City of Oakland and the
2  State of California.
3      19. Plaintiff is suffering irreparable injury from the enforcement and threat of enforcement of
4  the Ordinance, and will continue to suffer irreparable injury until the threat of enforcement is lifted.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983: FREE SPEECH AND DUE PROCESS)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

21. The Ordinance is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the plaintiff's affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

22. The Ordinance, on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

23. The Ordinance, on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

24. The Ordinance, on its face and as applied or threatened to be applied, is a content-based and viewpoint-based restriction on speech.

25. The Ordinance, on its face and as applied or threatened to be applied, does not serve a significant governmental interest.

26. The Ordinance, on its face and as applied or threatened to be applied, does not leave open ample alternative channels of communication.

27. The Ordinance, on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

28. The Ordinance fails to adequately advise, notify, or inform persons threatened with possible prosecution for violation of their requirements. Therefore, the Ordinance is

1 unconstitutionally vague, on its face and as applied or threatened to be applied, in violation of the
2 due process guarantee of the Fourteenth Amendment to the United States Constitution.

3     29. The Ordinance is an irrational and unreasonable statute, imposing unjustifiable
4 restrictions on the exercise of protected constitutional rights. Because the Ordinance is irrational
5 and unreasonable, its application violates the due process guarantee of the Fourteenth Amendment
6 to the Untied States Constitution

7     30. The Ordinance, on its face and as applied or threatened to be applied, violates the Equal
8 Protection Clause of the Fourteenth Amendment to the United States Constitution and similar
9 guarantees in the California State Constitution by denying plaintiff free speech rights allowed to
10 others in similar situations and other protections of state and federal law.

## SECOND CAUSE OF ACTION

## (42 U.S.C. SECTION 1983: EQUAL PROTECTION)

13     31. Plaintiff incorporates by reference paragraphs 1 – 30 as if fully set forth herein.

14     32. The Ordinance, on its face and as applied or threatened to be applied, violates the Equal
15 Protection Clause of the Fourteenth Amendment. Specifically but not exclusively, the Ordinance
16 creates three classes:  Persons entering abortion clinics, persons wishing to communicate with those
17 entering abortion clinics for the purposes of encouraging them to use clinic services, and persons
18 wishing to communicate with those entering abortion clinics for the purposes of encouraging them
19 to choose options other than utilizing clinic services.

20     33. These classifications have a direct bearing on the fundamental interest in free speech.
21 The City has no compelling interest justifying the creation of these classes and cannot show that
22 these classifications are necessary to serve any legitimate governmental interest.

23     34. The Ordinance singles out persons approaching abortion clinics as a class to be
24 specifically isolated from speech, and correspondingly burdens the speech of that class of persons
25 wishing to encourage them to choose options other than utilizing clinic services.  These
26 classifications have a direct bearing on the fundamental interest in free speech. The City has no

compelling interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CONSTITUTION, ARTICLE I, SECTION 2)

35. Plaintiff incorporates paragraphs 1- 34 as if fully set forth herein.

36. The Ordinance, on its face and as applied or threatened to be applied, violates Article I, Section 2 of the California Constitution.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF EQUAL PROTECTION, CALIFORNIA CONSTITUTION
### ARTICLE I, SECTION 7 AND ARTICLE IV, SECTION 16)

37. Plaintiff incorporates paragraphs 1- 36 as if fully set forth herein.

38. The Ordinance, on its face as applied or threatened to be applied, violates Article I, section 7 and Article IV, section 16 of the California Constitution.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE §52.1)

39. Plaintiff incorporates paragraphs 1- 38 as if fully set forth herein.

40. The Ordinance, on its face and as applied or threatened to be applied, interferes with plaintiff's exercise of the right to free speech and to assembly guaranteed by the First Amendment of the United States Constitution and Article I, §2 of the California Constitution, his right to be free from unlawful search and seizure guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §13 of the California Constitution, his rights under California's Unruh Act to be free from unlawful discrimination, and his equal protection rights under the 14th Amendment to the United States Constitution. This was and is a violation of California Civil Code §52.1.

41. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, plaintiff prays that this Court:

(a) Enter judgment against the defendant;

(b) Enter a declaratory judgment declaring the acts of the defendant to be a violation of plaintiff's constitutional rights to freedom of speech, equal protection, and due process;

(c) Issue a declaratory judgment declaring that Oakland Municipal Code Chapter 8.50 is unconstitutional on its face;

(d) Issue a declaratory judgment declaring that Oakland Municipal Code Chapter 8.50 is unconstitutional as enforced and as applied;

(e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendants, their agents, servants, employees, officers and the City of Oakland Police Department from enforcing Oakland Municipal Code Chapter 8.50;

(f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and,

(g) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 6, 2008

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF

**JURY DEMAND**

Plaintiff hereby requests a jury trial in this matter.

Dated: June 6, 2008

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF