Michael Millen
Attorney at Law  (#151731)
119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-0777
Fax:  (408) 516-9861
mikemillen@aol.com

Catherine Short, Esq.
Life Legal Defense Foundation
PO Box 1313
Ojai, CA 93024
(805) 640-1940

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER B. HOYE, II,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CITY OF OAKLAND,<br><br>　　　Defendant. | NO.:  C07-06411 CRB<br><br>**EX PARTE MOTION TO DEEM MOTION TO DISMISS MOOT** |

### REQUEST

Plaintiff Walter B. Hoye, II, hereby requests that the court deem defendant's Motion to Dismiss (set for July 11, 2008) moot and take it off-calendar due to the filing of the First Amended Complaint.

### PROCEDURAL FACTS

Plaintiff filed the instant complaint on December 19, 2007.

On May 8, 2008, the parties informed the court that plaintiff would be filing an amended complaint.  (Docket #17.)

On May 9, 2008, the court continued the CMC after having taken the parties' stipulation in account.  (Docket #18).

1  On May 29, 2008, defendant reminded this court that it had agreed that plaintiff would file an amended complaint.  (Docket #30, p. 2, ll. 22-26.)

3  On June 5, 2008, defendant filed a 12(b)(6) motion to dismiss the original complaint. (Docket ##35-37).

5  On June 6, 2008, plaintiff filed the First Amended Complaint.  (Docket #38)

6  On June 12, 2008, plaintiff's counsel asked defense counsel to take her Motion to Dismiss off-calendar because the amended complaint made it moot.  After several email exchanges about the matter, defense counsel has indicated that the amended complaint was unauthorized and she has neither taken the Motion to Dismiss off-calendar nor indicated a willingness to do so.  (Millen Decl. ¶2.)

11  Defendant has never filed an Answer to either the original or amended complaint.

## ARGUMENT

Because defendant has never filed an Answer in this proceeding, plaintiff has the right to file an amended complaint pursuant to FRCP Rule 15(a)(1).  *See U.S. ex rel. Saaf v. Lehman Brothers*, 123 F.3d 1307, 1308 (9th Cir. 1997) ("A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule.  Neither the filing nor granting of such a motion before answer terminates the right to amend . . . .").  In addition, all parties agreed in writing on May 8 that plaintiff would file an amended complaint and the court even moved the CMC to allow this to happen.

Rather than spend thousands of dollars in attorney time putting together a response to a Motion to Dismiss directed at a superseded complaint, plus taking up valuable judicial resources to analyze and hear a motion made moot by clear Ninth Circuit authority, plaintiff is asking that the court take the motion off-calendar.  If the court does not do so, the briefing and hearing cycle will continue for no purpose.

Dated: June 12, 2008

MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF