ANGELA L. PADILLA (CA STATE BAR NO. 154863)
SARAH C. MARRIOTT (CA STATE BAR NO. 241301)
ERIN H. REDING (CA STATE BAR NO. 252691)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

JOHN A. RUSSO (CA STATE BAR NO. 129729)
VICKI LADEN (CA STATE BAR NO. 130147)
CITY OF OAKLAND
1 Frank Ogawa Plaza, 6th Floor
Oakland, CA 94612
Telephone:   510-238-4941
Facsimile:   510-238-6500

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER B. HOYE, II,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF OAKLAND<br><br>　　　　Defendant. | CASE NO.  C07-06411 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　　　August 22, 2008<br>Time:　　　10:00 A.M.<br>Judge:　　　Honorable Charles Breyer<br>Courtroom:　8, 19th Floor |

## I. INTRODUCTION

Plaintiff asserts free speech and equal protection challenges to a City of Oakland ordinance safeguarding the right of Oakland citizens to safely and privately access health care services. Plaintiff's claims fail, however, under the United States Supreme Court's decision in *Hill v. Colorado*, 530 U.S. 703 (2000). Under *Hill*, it is clear that the Oakland ordinance, which was modeled on the Colorado statute upheld in *Hill*, is facially constitutional. Furthermore, it is undisputed that plaintiff's arrest complied with the terms of the ordinance. Plaintiff's complaint should therefore be dismissed in its entirety.

## II. STATEMENT OF FACTS

On December 18, 2007, the Oakland City Council passed Ordinance No. 81022, "Access to Reproductive Health Care Facilities," a "Bubble Ordinance" that protects patients seeking reproductive health services and reproductive health clinic personnel from harassment, intimidation, or interference with their ability to access reproductive health care facilities. Docket No. 31, Laden Decl., ¶ 2; Compl., Ex. A., at 1. On December 19, 2007, plaintiff filed a complaint alleging that the Ordinance was facially unconstitutional. Docket No. 31, Laden Decl., ¶ 3. After a telephone conference with the Court, the City agreed to amend the Ordinance to obviate plaintiff's concerns. *Id.* On February 5, 2008, the City passed the amended ordinance (Ordinance No. 12860) (the "Ordinance"). *Id.*, ¶ 6.

The Ordinance provides that "[w]ithin 100 feet of the entrance of a reproductive health care facility, it shall be unlawful to willfully and knowingly approach within eight (8) feet of any person seeking to enter such a facility . . . without the consent of such person . . . for the purpose of counseling, harassing, or interfering with such person . . . ." Compl., Ex.A, at 4. The Ordinance also prohibits the use of force or physical obstruction to interfere with persons "providing . . . reproductive health services." *Id.* Persons "providing reproductive health services" include "volunteers who, with the consent of the reproductive health care facility, assist in conducting patients of such facility safely into the facility." *Id.*, Ex. A., at 3.

On April 29, 2008, plaintiff stood in front of a reproductive health facility, the Family Planning Specialists Medical Group, with a "picket sign and a bundle of pamphlets." Docket

No. 32, Supp. Laden Decl., Ex. A, Crime Report, at 4. Five separate witnesses attested under oath to the fact that the plaintiff approached within eight feet of at least eight different patients and their families or significant others, to hand out fliers and "harass" them.[1] Docket No. 32, Supp. Laden Decl., Exs. C-G. Plaintiff approached patients attempting to enter the facility as well as patients in motor vehicles parked in the loading zone in front of the facility. *Id.* At one point, the director of the medical group used a measuring tape to show plaintiff that he was violating the ordinance. Docket No. 32, Supp. Laden Decl., Ex. A at 4. The director measured the distance between plaintiff and the clinic's patients to show plaintiff that he was within eight feet of them. *Id.* Despite being repeatedly warned by employees of the facility, plaintiff knowingly and willingly continued to violate the ordinance. *Id.* at 4-5. In many cases, plaintiff was within just two or three feet of the patients. *Id.* Many witnesses also confirmed that plaintiff came to the clinic on the same day of almost every week and that he often approached within eight feet of patients while "harassing" them. *Id*

On May 13, 2008, plaintiff was arrested by the Oakland police for his April 29, 2008, violations of the Ordinance. On May 22, 2008, plaintiff filed an application for temporary restraining order and order to show cause regarding preliminary injunction. Docket No. 20. In a telephonic hearing on May 30, 2008, this Court denied plaintiff's application. Docket No. 34. Plaintiff filed his First Amended Complaint on June 6, 2008. Docket No. 38.

### III. ARGUMENT

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1994). To survive dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim that is *plausible on its face.*" *Bell Atlantic Corp. v. Twombly*

---

[1] Plaintiff was "clearly within 8 feet of [the patients]." Docket No. 32, Supp. Laden Decl., Ex. C. Plaintiff would "come within 4' of [the patients]." *Id.*, Ex. D. Plaintiff was "clearly within 8 feet of [an escort]." *Id.*, Ex. E. Plaintiff "came within 2-3' each time to display his anti-abortion sign." *Id.*, Ex. F. Witness "observed [plaintiff] come within 2' of the patients." *Id.*, Ex. G.

-- U.S. --, 127 S.Ct. 1995, 1974 (2007). Moreover, "[a]lthough the federal procedural standards for notice pleading . . . are liberal, they are not so liberal as to allow purely conclusory statements to suffice to state a claim that can survive a motion to dismiss . . . ." *Miller v. Cont'l Airlines, Inc.*, 260 F. Supp. 2d 931, 935 (N.D. Cal. 2003).

### A. The Complaint Fails To State A Claim For Violation Of The First Amendment's Free Speech Clause.

Plaintiff's First Cause of Action purports to state a claim for violation of the Free Speech Clause of the First Amendment. Compl. ¶¶ 21-27. This cause of action should be dismissed because plaintiff's allegations are insufficient to support either a facial or an as-applied challenge to the Ordinance.

#### 1. The Ordinance, on Its Face, Does Not Violate the Free Speech Protections of the United States Constitution.

The Supreme Court recently upheld a Colorado statute nearly identical to the Oakland ordinance in *Hill v. Colorado*, 530 U.S. 703 (2000). Like the Oakland ordinance, the Colorado statute regulated speech within 100 feet of any health care facility, and made it unlawful for anyone within the 100-foot regulated area to "'knowingly approach' within eight feet of another person, without that person's consent, 'for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person . . . .'" *Id.* at 707. The Supreme Court held that the Colorado statute was content-neutral because it regulated "the places where some speech may occur" rather than speech itself, *id.* at 719, its restrictions applied "equally to all demonstrators, regardless of viewpoint," *id.*, and the state's interests in protecting access to health care facilities and patients' privacy were unrelated to the content of the demonstrators' speech, *id.* at 719-20. These rationales apply equally to the Oakland ordinance, which regulates speech of any viewpoint within 100 feet of a reproductive health facility in the interest of safeguarding access to health care. Compl., Ex. A. The Ordinance, therefore, is not a content- or viewpoint-based restriction on speech in violation of the First Amendment. *See* Compl. ¶ 24.

The Supreme Court has also made clear that an ordinance like Oakland's is narrowly

tailored and leaves open enough alternative channels of communication to survive constitutional review. In *Hill*, the Court reasoned that the Colorado statute placed no limitations on the "number, size, text, or images" on demonstrators' signs and that it did not limit the number of speakers permitted in the area or their noise level. *Hill*, 530 U.S. at 725-26. The statute's eight-foot "buffer zone" was small enough to allow speakers to communicate at a "normal conversational distance." Most significantly, its prohibition on speech only where speakers "knowingly approach" within eight feet of individuals allowed speakers to remain in place even if individuals passed within eight feet of them and "protect[ed] speakers who thought they were keeping pace with the targeted individual at the proscribed distance from inadvertently violating the statute." *Id.* at 726-27. As in *Hill*, the Oakland ordinance creates a mere eight-foot separation between speakers and individuals trying to enter health facilities, and makes speech unlawful only where the speaker "willfully and knowingly approach[es]." Compl., Ex. A, at 4. Thus, like the statute challenged in *Hill*, Oakland's ordinance is narrowly tailored. The *Hill* court also firmly established that access to reproductive care is an important government interest. *Id.* at 715. All of plaintiff's arguments to the contrary are unavailing. *Id.*

Plaintiff's allegation that the Ordinance is unconstitutionally overbroad also fails. Compl. ¶ 22. While it is not clear from the complaint exactly what aspects of the Ordinance plaintiff believes to be overbroad, the Supreme Court's opinion in *Hill* shows that the Ordinance is not unconstitutionally overbroad. As the Supreme Court stated, the fact that a regulation protects more people than just patients at facilities where confrontational speech has occurred is "of no constitutional significance. What is important is that all persons entering or leaving health care facilities share the interests served by the statute." *Hill*, 530 U.S. at 731. The Court acknowledged that the Colorado statute regulated protected speech. The only issue was whether the statute was a valid "time, place or manner" restriction, and therefore the statute's comprehensiveness was "a virtue, not a vice, because it is evidence against there being a discriminatory governmental motive." *Id.* The Court also rejected the contention that the statute's regulation of a broad range of forms of expression made it overbroad. As the Court stated, the statute "does not ban any messages . . . [i]t merely regulates the places where

communications may occur." *Id.* Like the Colorado statute, the Ordinance protects all persons entering and leaving reproductive health facilities. It does so only by regulating the place where communications may occur. The Ordinance is therefore not an overbroad regulation of speech.

Plaintiff's complaint also alleges that the Ordinance is unconstitutionally vague because it "fails to adequately advise, notify, or inform persons threatened with possible prosecution for violation of [its] requirements." Compl. ¶ 28. This contention too should be rejected for the reasons expressed by the Supreme Court in *Hill*, in concluding that the Colorado statute was not unconstitutionally vague: "it is clear what the ordinance as a whole prohibits." *Hill*, 530 U.S. at 733. The Oakland ordinance clearly prohibits the following specific actions:

- within 100 feet of the entrance of a reproductive health care facility;
- willingly and knowingly approaching within 8 feet of any person;
- for the purpose of counseling, harassing, or interfering with such person -- terms that are explicitly defined in Section 2 of the Ordinance. Millen Decl., Ex. A, at 3-4.

Finally, plaintiff has virtually conceded the facial constitutionality of the Ordinance and the Court has noted the same. At the May 30, 2008, hearing in which the Court denied plaintiff's application for a Temporary Restraining Order, the Court noted the facial constitutionality of the Ordinance: "[i]n other words, you are not saying the Oakland ordinance is unconstitutional. I mean, we have had that discussion." Plaintiff responded: "Yeah, true," and the Court replied by concluding: "So [the Ordinance] is Constitutional." Docket No. 34, Transcript p. 11:5-10.

### 2. The Ordinance "As Applied" to Plaintiff is Constitutional.

Plaintiff's First Cause of Action also purports to make an as-applied challenge to the Ordinance. While the parameters of plaintiff's as-applied challenge are unclear, it is clear that he has alleged no facts that would support a successful as-applied claim.

#### a. Plaintiff's Arrest Did Not Violate The Constitution.

Plaintiff alleges that he "has already been arrested once for allegedly violating the Ordinance and is at risk to be arrested again." Compl. ¶ 10. He asserts that he fears that he will be arrested again for conduct protected by the Constitution. *Id.* These allegations are not

sufficient to state a valid as-applied claim, however, because plaintiff has not alleged – nor could he – that anything about his actual arrest violated the Constitution.

Five separate witnesses have attested under oath to the fact that on April 29, 2008, the plaintiff approached within eight feet of at least eight different patients and their families or significant others, to hand out fliers and "harass" them.[2] Docket No. 32, Supp. Laden Decl., Exs. C-G. Plaintiff does not dispute that he was arrested for violating the Ordinance – that he "approached" women entering the clinic; that he came less than eight feet from them in order to convey his message; and that he approached the clinic director. *Id.* Because he was arrested for clear violations of a constitutionally valid ordinance, plaintiff cannot make a valid as-applied challenge to the Ordinance based on his arrest.

### b. The Alleged Comments By Police Officers Do Not Make Plaintiff's Arrest Unconstitutional.

Plaintiff's complaint could also be read to base his as-applied challenge on the comments supposedly made to him by police officers interpreting the Ordinance. Compl. ¶ 9. These comments are irrelevant. Comments by police officers about scenarios not actually presented on the day of the arrest are irrelevant as a matter of law. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that a municipality can only be held liable for a constitutional injury where the acts in question are pursuant to the official policy or custom of the municipal government, whether made by its lawmakers or by those whose acts may be said to fairly represent official policy). Regardless of any comments that police officers allegedly made to plaintiff, he was arrested for violating the ordinance as written, and the Ordinance as written is constitutional. Furthermore, plaintiff does not allege that any person was arrested for violating the Ordinance as allegedly "interpreted" by stray police comments.

---

[2] Plaintiff was "clearly within 8 feet of [the patients]." Docket No. 32, Supp. Laden Decl., Ex. C. Plaintiff would "come within 4' of [the patients]." *Id.*, Ex. D. Plaintiff was "clearly within 8 feet of [an escort]." *Id.*, Ex. E. Plaintiff "came within 2-3' each time to display his anti-abortion sign." *Id.*, Ex. F. Witness "observed [plaintiff] come within 2' of the patients." *Id.*, Ex. G.

### c. The Police Officers' Alleged Treatment of Clinic Escorts Did Not Violate Plaintiff's First Amendment Rights.

Plaintiff also appears to claim that his First Amendment rights were violated by police officers' alleged statements about volunteer clinic escorts and by the same officers' failure to arrest clinic escorts after "a witness observed two different clinic escorts . . . approaching within 8 feet of persons entering the clinic and speaking to them without obtaining their consent." Compl. ¶ 9C. The police's treatment of clinic escorts, however, has no impact on plaintiff's claim that his constitutional rights were violated.

First, plaintiff does not have standing to assert a claim based on the police's treatment of the clinic escorts. In order to have standing to bring a claim in federal court, "a plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982)). The non-arrest of the escorts was neither an injury-in-fact nor conduct personal to the plaintiff, and therefore he has no standing to bring a claim regarding defendant's failure to arrest the escorts.

Second, even were the Court to assume that plaintiff had standing to assert a claim based on the non-arrest of clinic escorts, the failure to arrest the escorts did not violate plaintiff's rights. Like the Colorado statute upheld in *Hill*, the Oakland ordinance prohibits certain speech within eight feet of "any person" – including escorts. The Ordinance specifically protects "volunteers who, with the consent of the reproductive health care facility, assist in conducting patients of such facility safely into the facility." *Id.*, Ex. A., at 3. The Supreme Court upheld such language in *Hill* by explicitly recognizing that "it was a common practice to provide escorts for persons entering and leaving the clinics both to ensure their access and to provide protection . . . ." *Hill*, 530 U.S. at 709-710.

Oakland's protection of clinic volunteers who assist in conducting patients safely into reproductive health care facilities is a valid "exercise of [Oakland's] police powers to protect the health and safety of [its] citizens." *See Hill*, 730 U.S. at 715. Plaintiff's conclusory allegation

that a witness saw "volunteers . . . approaching within 8 feet of persons entering the clinic and speaking to them without obtaining their consent" (Compl. ¶ 9C) does not undermine Oakland's exercise of its police powers here. Plaintiff makes no allegations about what the volunteers said to the individuals whom they assisted to enter the clinic. He does not allege that they did anything other than assist patients – at the direction and with the consent of the facility –to enter the facility. Such activities have no impact on plaintiff's First Amendment rights.

### B. The Complaint Fails To State A Claim For Violation Of The Fourteenth Amendment's Equal Protection Clause.

Plaintiff's Second Cause of Action purports to state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. Compl. ¶¶ 31-34. This claim fails for two reasons. First, as described above, the Ordinance is content- and viewpoint-neutral. Contrary to plaintiff's assertion, the Ordinance does not distinguish between "persons wishing to communicate with those entering abortion clinics for the purposes of encouraging them to use clinic services" and "persons wishing to communicate with those entering abortion clinics for the purposes of encouraging them to choose options other than utilizing clinic services." Compl. ¶ 32.

Even if the Ordinance did burden only anti-abortion activists, that would not create a cause of action for an equal protection violation. Anti-abortion activists are not a protected class of persons. *See Frontiero v. Richardson*, 411 U.S. 677 (1973) (holding that gender is a protected class); *Korematsu v. United States*, 323 U.S. 214 (1944) (holding that race is a protected class); *Graham v. Richardson*, 403 U.S. 365 (1971) (holding that alienage is a protected class); *Yick Wo v. Hopkins*, 188 U.S. 356 (1886) (holding that religion is a protected class). The Ordinance, therefore, passes muster under the Equal Protection Clause as long as it is rationally related to a legitimate government interest. *See U.S. v. Carolene Products*, 304 U.S. 144 (1938) (creating the tiers of scrutiny and applying rational basis review to economic regulation); *New York City Transit Authority v. Beazer*, 440 U.S. 568 (1979) (holding that government classifications of non-protected classes are analyzed under rational basis review, in which the classification only needs to be rationally related to a legitimate government interest).

The City Council found that access to reproductive health care services "is a matter of critical importance not only to the individual, but also to the health and welfare of all residents of the City of Oakland." Compl., Ex. A, at 2. The Supreme Court has held that a statute almost identical to the Ordinance unquestionably protects legitimate state interests. *See Hill*, 730 U.S. at 715-16. Plaintiff has therefore not stated a claim for violation of the Equal Protection Clause.

### C. The Complaint Fails To State A Claim For Violation Of The California Constitution's Free Speech Provision.

Plaintiff's Third Cause of Action purports to state a claim for violation of the free speech provisions of the California Constitution. Plaintiff has made absolutely no allegations, however, explaining how the Ordinance itself or his treatment under the Ordinance violated the California Constitution, and therefore this claim should be dismissed. *See Miller*, 260 F. Supp. 2d at 935 ("the federal procedural standards for notice pleading . . . are liberal [but] they are not so liberal as to allow purely conclusory statements to suffice to state a claim that can survive a motion to dismiss . . . .").

### D. The Complaint Fails To State A Claim For Violation Of The California Constitution's Equal Protection Provision.

Plaintiff's Fourth Cause of Action purports to state a claim for violation of the equal protection provisions of the California Constitution.[3] As with his claim for violation of the free speech provisions of the California Constitution, plaintiff's Fourth Cause of Action makes absolutely no allegations explaining how the Ordinance violates his equal protection rights under the California Constitution. This claim should therefore be dismissed.

---

[3] The Fourth Cause of Action also references Article IV, Section 16 of the California Constitution, which states that "all laws of a general nature have uniform operation" and "[a] local or special statute is invalid in any case if a general statute can be made applicable." Plaintiff cannot rely on this section, because it does not apply to municipal ordinances. *In Re Application of Lyons*, 27 Cal. App. 2d 182, 187 (Cal. App. 1938).

### E. The Complaint Fails To State A Claim For Violation Of The California Civil Code.

Plaintiff's Fifth Cause of Action purports to state a claim for injunctive relief for violation of plaintiff's rights under the United States and California Constitutions. As stated above, plaintiff has not stated a claim for violation of any of his federal or state constitutional rights. His Fifth Cause of Action therefore should also be dismissed.

## IV. CONCLUSION

Oakland's Ordinance passes constitutional muster under the Supreme Court's decision in *Hill*. None of plaintiff's allegations about the supposed legal commentary of Oakland police officers or about the failure to arrest escorts working with clinic staff to assist patients entering the facility alter this outcome. Just like the statute at issue in *Hill*, Oakland's Ordinance strikes the appropriate balance between plaintiff's rights and the rights of patients seeking access to reproductive health care. As the Supreme Court concluded in *Hill*, "Private citizens have always retained the power to decide for themselves what they wished to read, and within limits, what oral messages they wish to hear. This statute simply empowers private citizens entering a health care facility to prevent a speaker, who is within eight feet and advancing, from communicating a message they do not want to hear."

For all of the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

Dated: June 23, 2008

ANGELA L. PADILLA
SARAH C. MARRIOTT
ERIN H. REDING
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Angela L. Padilla
Angela L. Padilla
Attorneys for Defendant
City of Oakland

OHS West:260460265.2   - 10 -   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT