MICHAEL MILLEN, Bar No. 151731
Attorney at Law
119 Calle Marguerita Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-0777
Facsimile:  (408) 516-9861
mikemillen@aol.com

Attorney for Plaintiff


ANGELA L. PADILLA, Bar No. 154863
SARAH C. MARRIOTT, Bar No. 241301
ERIN H. REDING, Bar No. 252691
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA  94105
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

John A. Russo, Bar No. 129729
Vicki Laden, Bar No. 130147
City of Oakland
1 Frank Ogawa Plaza, 6th Fl.
Oakland, CA  94612

Attorneys for Defendant
CITY OF OAKLAND
Telephone:  (510) 238-4941
Facsimile:  (510) 238-6500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER B. HOYE, II,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND,<br><br>    Defendant. | NO.:  C07-6411 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date:       August 29, 2008<br>Time:       10:00 a.m.<br>Judge:     Breyer<br>Courtroom:  8 (19th Floor) |

The parties to the above entitled action jointly submit this Joint Case Management.

**1. JURISDICTION**

This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. No jurisdiction or venue issues currently exist. All parties have appeared in the lawsuit.

**2. FACTS**

This lawsuit principally involves the question of whether Oakland Municipal Code Chapter 8.50 (the "Ordinance") is constitutional on its face and as applied. The ordinance imposes various restrictions concerning free speech activity in the vicinity of abortion clinics. At this point the parties have not identified any significant factual issues in dispute.

**3. LEGAL ISSUES**

The disputed points of law are as follows:

A) Is the Ordinance constitutional on its face or does it violate free speech, equal protection, and due process guarantees?

B) Is the Ordinance constitutional as it is being applied or does it violate free speech, equal protection, and/or due process guarantees?

**4. MOTIONS**

Plaintiff filed the complaint and brought a TRO to enjoin enforcement of the original Ordinance. After the TRO hearing the defendant amended the Ordinance and plaintiff filed an amended complaint. Plaintiff then brought an application for a TRO which was denied. Defendant has brought a 12(b)(6) Motion to Dismiss which has not yet been adjudicated. The parties will likely bring motions for summary judgment after discovery is completed.

### 5. AMENDMENT OF PLEADINGS

No amendments are contemplated at this time.

### 6. EVIDENCE PRESERVATION

At the present there is no evidence that there are significant issue preservation issues in the case. Plaintiff has requested that defendant preserve all communications with third parties concerning the drafting of the ordinance.

### 7. DISCLOSURES

The parties have stipulated to delay Rule 26 disclosures until after the upcoming Motion to Dismiss is adjudicated.

### 8. DISCOVERY

No discovery has been completed at this date. The parties are not currently aware of good cause to modify the normal rules of discovery.

### 9. CLASS ACTONS

Not applicable

### 10. RELATED CASES

There are no related cases (unless one counts the ongoing criminal prosecution in state superior court against Plaintiff for allegedly violating the Ordinance).

### 11. RELIEF

At this time the relief in this matter is primarily injunctive, although this could change.

### 12. SETTLEMENT AND ADR

This case is not suitable for ADR procedures because all parties need a final ruling on the constitutionality of the Ordinance.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a Magistrate Judge.

### 14. OTHER REFERENCES

The parties do not believe the case is suitable for other references.

### 15. NARROWING OF ISSUES

The parties do not believe the issues are subject to narrowing at this point in time.

### 16. EXPEDITED SCHEDULE

Depending upon the results of the court's ruling, the parties are hopeful that the matter can be handled via summary judgment.

### 17. SCHEDULE

Close of Fact Discovery:  February 20, 2009

Opening Expert Reports:  March 20, 2009

Rebuttal Expert Reports:  April 20, 2009

Close of Expert Discovery:  May 20, 2009

Last Day to File Dispositive Motions: July 5, 2009

Last Day for Hearing on Dispositive Motions: August 30, 2009

Trial:  October 2009

### 18. TRIAL

The parties anticipate that the case will be resolved via summary judgment.  However, if there are disputed issues of fact plaintiff has requested that a jury resolve them.  Defendant objects

that this case is for declaratory and injunctive relief and is not suitable for a jury trial. Defendant requests a bench trial.

### 19. DISCLOSURE OF NON-PARTY INTEREST ENTITIES OR PERSONS

Apart from the parties named in the caption of the complaint, the parties know of no person, firm, partnership, corporation, or other entity which has a financial interest in the subject matter or in a party or has any kind of interest that could be substantially affected by the outcome of the proceeding. Defendant is a municipality and is exempt from Civil Local Rule 3-16.

### 20. OTHER MATTERS

N/A

Dated: 8/22/08

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFFS

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: 8/22/08

_____
SARAH C. MARRIOTT, ESQ.
ATTORNEYS FOR DEFENDANT
CITY OF OAKLAND