IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER B. HOYE, II,

    Plaintiff,

v.

CITY OF OAKLAND,

    Defendant.

No. CV 07-06411 CRB

**ORDER RE TRAINING MATERIALS**

In July 2011, the Ninth Circuit affirmed in part and reversed in part this Court's order granting summary judgment for Defendant, the City of Oakland, concluding that, although Defendant's bubble ordinance was constitutional on its face, the City's enforcement policy was a constitutionally invalid, content-based regulation of speech. See Hoye v. Oakland, 653 F.3d 835, 859 (9th Cir. 2011). The Ninth Circuit's opinion turned on its finding that "[t]he City's policy of distinguishing between speech that facilitates access to clinics and speech that discourages access is not content-neutral." Id. at 851. The case was remanded to this Court "with instructions to grant Hoye's motion for summary judgment in part and to grant him relief consistent with this opinion." Id. at 859.

Defendant has submitted revised training materials, which consist of a training bulletin and the script of a training video. See generally dkt. 197. Plaintiff argues that the revised training materials are unconstitutional. See generally dkt. 201. The Court has

carefully considered the Ninth Circuit's opinion, the revised training materials, and the papers and arguments of the parties, and makes the following holding.

The revised training materials are adequate "to grant [Plaintiff] relief consistent with" the Ninth Circuit's opinion. Consistent with the Ninth Circuit's opinion, the materials now specify, for example: "According to the appellate court, [the eight foot bubble] applies equally to protestors and escort volunteers. <u>This is a change from the previous enforcement policy</u>. That means that escort volunteers helping patients enter a clinic must have consent to approach within eight feet of a patient." See dkt. 197-4 at 2.

Defendant is thus directed to enforce the ordinance in a manner consistent with the protocols in the revised training materials.[1] See dkt. 197. If Defendant enforces the ordinance in a manner materially inconsistent with the revised training materials, Plaintiff is invited to bring such conduct to the Court's attention. The Court will not give an advisory opinion about policies or practices that might never exist.

For the sake of clarity, the Court reiterates its holding from the bench that it accepts Defendant's representation at the motion hearing that the Defendant's policy will be to exempt <u>only</u> the provision of medical care by medical professionals outside of the clinics.[2] Defendant represented, and the Court agrees, that there is <u>no</u> blanket exemption for doctors, nurses, and clinic employees.[3]

The Court further rejects Plaintiff's invitation to revisit the definition of the word "approach," addressed in a single sentence of Plaintiff's Motion. See dkt. 201 at i. If the

---

[1] The Court <u>rejects</u> the additional language Defendant proposes in its Opposition, <u>see</u> dkt. 203 at 4-5, pertaining to the new policy at the FPS clinic. Such language is problematic because (1) the FPS clinic script does not elicit the same consent as is required by the Ordinance; (2) the FPS policy does not address individuals accompanying patients; and (3) the FPS policy does not address patients attempting to drop in on the clinic who have not yet been informed that appointments are to be made in advance. The revised training materials the Court accepts are therefore <u>only</u> those materials provided in dkt. 197.

[2] <u>See also</u> dkt. 203 at 6 (arguing for exemption "to approach patients without consent within eight feet <u>if necessary to provide medical care</u> (for example, if a patient approaching the clinic had a heart attack or fainted and needed immediate attention)."

[3] Thus, a medical professional who willfully and knowingly approaches within eight feet of a patient seeking to enter a clinic, without the consent of the patient, for the purpose of counseling, harassing, or interfering with the patient, will be doing so in violation of the ordinance.

2

Ninth Circuit did not agree with this Court's discussion of "approach" as including a demonstrator who stands still but lifts his arm toward a patient, <u>see</u> dkt. 152 at 20-22, it could have said so. What it held instead was, "Hoye's allegations of vagueness need not detain us. Hoye contends that the Ordinance's use of the terms 'approach' and 'consent' are impermissibly vague. But the Ordinance uses these terms in precisely the same manner as the Colorado statute. . . . The Ordinance cannot therefore be vague in these respects for the same reasons that <u>Hill</u> held the Colorado statute not to be vague." <u>See</u> <u>Hoye</u>, 653 F.3d at 849 n.11 (internal citation omitted). The Ninth Circuit's partial reversal, based on "[t]he City's policy of distinguishing between speech that facilitates access to clinics and speech that discourages access," <u>id.</u> at 851, is not be an opportunity to revisit every other argument Plaintiff has as to the Ordinance's unconstitutionality.

**IT IS SO ORDERED.**

Dated: December 16, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE